UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PEDRO ALTIMIRANO REYES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:16-cv-00097 CW <br><br> Judge Clark Waddoups |

Defendant Pedro Altimirano Reyes has moved pro se for appointment of counsel, seeking assistance in preparing a petition under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015). *See* ECF No. 1. *Johnson* held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), was unconstitutional. *Johnson*, 135 S. Ct. at 2563. As a result, it permitted challenges under 28 U.S.C § 2555 to sentences imposed under that clause. *See Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1268 (2016).

In this case, the court has reviewed the presentence report and the judgment. Mr. Reyes was sentenced under U.S.S.G. §§ 2D1.1 and 1B1.11, which set the base offense level at 31 based on the quantity of drugs involved and two prior convictions for possession of a controlled substance; one of these convictions also included unlawful possession of a handgun. Mr. Reyes was given a three-point reduction for acceptance of responsibility. Based on his criminal history,

Mr. Reyes' guideline sentence was 188 to 235 months. ECF No. 56, Case No. 1:13-cr-00018. At sentencing the court varied from the Guideline range and imposed a sentence of 152 months.

Notably, Mr. Reyes' sentencing Guideline was *not* calculated under the residual clause of the Armed Career Criminal Act, but pursuant to an 11(C)(1)(C) agreement signed by Mr. Reyes wherein he pled guilty to Counts I and II of the indictment in exchange for a recommended reduced sentence of 152 months. Also, § 2255(f) requires that a motion under that chapter be filed one-year from the "date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). Here, the final judgment was entered on August 14, 2014. *See* ECF. No. 59, Case No. 1:13-cr-00018. Finally, this is Mr. Reyes's second attempt to reduce his sentence. *See* ECF. No. 62, Case No. 1:13-cr-00018. That motion was denied. *Id*. at ECF No. 63. For these reasons, there appears no basis to appoint counsel to allow Mr. Reyes to pursue such a petition. The motion is thus DENIED.

SO ORDERED this 5th day of January, 2018.

BY THE COURT:

_____
Honorable Clark Waddoups
United States District Judge