IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO ALTAMIRANO REYES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:16-cv-97 CW<br>*Related Case No.* 1:13-cr-18<br><br>Judge Clark Waddoups |

On June 27, 2016, Plaintiff Pedro Altamirano Reyes filed a motion to appoint counsel so he could pursue a claim based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Mr. Reyes asserts his sentence is unconstitutional because he was sentenced under the Armed Career Criminal Act ("ACCA" or the "Act"), and the residual clause of that Act has been declared unconstitutionally vague. Motion, at 1 (ECF No. 1). He also challenges his sentence due to "the career offender guidelines" because they are almost identical to the ACCA. *Id.* at 2. He asked for counsel to be appointed due to limitations he faced in representing himself while imprisoned. Because of the nature of Mr. Reyes' requested relief, the court has treated his motion as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

I.  **JURISDICTION**

On January 5, 2018, the court issued a Memorandum Decision and Order denying Mr. Reyes' request for appointment of counsel (ECF No. 4). In that ruling, the court stated this was

Mr. Reyes' second or successive § 2255 motion. Upon further review of the record in Mr. Reyes' criminal case, the court concludes Mr. Reyes filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) based on a modification to the sentencing guidelines. *See* Mot. to Reduce Sentence (ECF No. 62 in Case No. 1:13-cr-18). Because that motion was filed properly under § 3582(c)(2), it was not a § 2255 motion. Therefore, Mr. Reyes' present motion is his first § 2255 motion, and the court has jurisdiction to address it.

With respect to the timeliness of his motion, the United States Supreme Court decided *Johnson* on June 26, 2015. Although that case determined the residual clause of the ACCA was void for vagueness, it did not address whether its ruling was a substantive decision that should be applied "retroactive[ly] in cases on collateral review." *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1261, 194 L. Ed. 2d 387 (2016). Not until April 18, 2016, did the Court answer that question in the affirmative. *See id*. at 1268. Mr. Reyes filed his § 2255 motion on June 27, 2016. The court concludes such filing was timely under 28 U.S.C. § 2255(f)(3).

## II. SUPREME COURT PRECEDENT

### A. *Johnson* is inapplicable

Previously in this case, the court reviewed the presentence report and judgment and held that Mr. Reyes was not sentenced under the residual clause of the ACCA. Mem. Dec., at 1–2 (ECF No. 4). Instead, he was sentenced based on an 11(c)(1)(C) agreement. *Id.* at 2.

In *United States v. Pam*, the Tenth Circuit addressed whether a sentence may have been based on the ACCA even though it was pursuant to an 11(c)(1)(C) agreement. *Pam*, 867 F.3d 1191, 1197 (10th Cir. 2017). The plea agreement referred to the ACCA and the parties agreed to recommend that the sentence be varied upward because of the Act. *Id.* at 1196. The court

sentenced the defendant pursuant to that agreement. *Id.* The Tenth Circuit concluded even though the sentence was imposed pursuant to an 11(c)(1)(C) agreement, because the agreement took the ACCA into account, the sentence was done, in part, due to the Act. *Id.* at 1199–1200.

Here, Mr. Reyes' guideline range for sentencing was 188 to 235 months. Mem. Dec., at 1–2 (ECF No. 4). Pursuant to an 11(c)(1)(C) agreement, the court varied from that "range and imposed a sentence of 152 months." *Id.* at 2. Hence, Mr. Reyes was sentenced pursuant to an 11(c)(1)(C) agreement. The court notes, however, that the judgment imposed 92-months imprisonment for "Possession of Methamphetamine with Intent to Distribute" and 60-months imprisonment for "Possession of a Firearm in Furtherance of a Drug Trafficking" in violation of 18 U.S.C. § 924(c). Judgment, at 1–2 (ECF No. 59 in Case No. 1:13-cr-18). Although the court varied the sentence down based on an 11(c)(1)(C) agreement, similar to the analogous ruling in *Pam*, the court concludes Mr. Reyes' sentence was based, in part, on § 924(c). *See id.*; *see also* Sentencing Hearing Tr., at 4, 6 (ECF No. 2 in Case No. 1:16-cv-97) (concluding 152-month sentence was appropriate in this case but stating 60-months of that sentence was pursuant to § 924(c)).

Nevertheless, because *Johnson* pertained to § 924(e)(2)(B), and Mr. Reyes was sentenced under § 924(c), *Johnson* is not applicable to this case.

### B. Residual Clause of the Sentencing Guidelines

Mr. Reyes "also challenges his sentence based on" the career offender guidelines. Motion, at 2 (ECF No. 1). As stated above, this case involves an 11(c)(1)(C) agreement and the court adopted the recommended sentence. Even if Mr. Reyes' sentence were based on the Sentencing Guidelines, however, the United States Supreme Court has distinguished the guidelines from the

holding in *Johnson* and has held they "are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 890, 197 L. Ed. 2d 145 (2017). The court therefore denies Mr. Reyes relief on this ground.

### C. *Davis* is inapplicable

Since this court issued its January 2018 ruling, the United States Supreme Court has held 18 U.S.C. § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019). The Tenth Circuit then held *Davis* "created a new substantive rule that is retroactively applicable on collateral review." *United States v. Bowen*, 936 F.3d 1091, 1095 (10th Cir. 2019); *see also United States v. Sanford*, No. 17-1338, 2019 WL 3812544, at *2 (10th Cir. Aug. 14, 2019).

Because Mr. Reyes was sentenced under § 924(c), the court addresses whether he may have a claim based on *Davis*. The section at issue in *Davis* was § 924(c)(3)(B). Similar to *Johnson*, that section is a residual clause that pertains to a crime of violence. Although Mr. Reyes was sentenced under § 924(c), it was for possession of a firearm in furtherance of drug trafficking and not for a crime of violence under the residual clause. This distinction matters.

In *United States v. Turner*, the claimant filed a § 2255 motion. He had pled "guilty to one count of being a felon in possession of a firearm," and had received a mandatory minimum sentence because he was "an armed-career offender under § 924(e)." *Turner*, 624 F. App'x 624, 625 (10th Cir. 2015). He qualified for that status due to "three or more earlier convictions for 'serious drug offenses' as defined by 18 U.S.C. § 924(e)(2)." *Id*. Thereafter, the Supreme Court issued *Johnson*, and the claimant moved for relief under § 2255. The Tenth Circuit addressed whether the claimant should be granted a certificate of appealability. Because the claimant had

4

been sentenced based on prior drug offenses, and not under the residual clause for a violent crime, the Court concluded *Johnson* was inapplicable. *Id.* at 626. It therefore denied him a certificate of appealability on that claim. *Id.*

Similar to *Turner*, Mr. Reyes was sentenced under § 924(c) for being in possession of a firearm in furtherance of drug trafficking. His sentence was not based on § 924(c)(3)(B). Because Mr. Reyes was not sentenced under § 924(c)'s residual clause, the court concludes *Davis* also is inapplicable.

### III. CERTIFICATE OF APPEALABILITY REQUIREMENTS

Having denied Mr. Reyes' motion, the court must now "issue or deny a certificate of appealability." *See* Rule 11 of the Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated above, the court concludes Mr. Reyes has not made a substantial showing of the denial of a constitutional right. It therefore denies a certificate of appealability.

When a "court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2255 Proceedings. The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings.

### CONCLUSION

For the reasons stated above, the court DENIES Mr. Reyes' § 2255 Motion (ECF No. 1). The court also denies a certificate of appealability.

DATED this 17th day of October, 2019.

BY THE COURT:

_Clark Waddoups_
Clark Waddoups
United States District Judge